IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD LECHTHALER, | : | CIVIL ACTION NO.: 1:14-cv-00291 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MOUNTAINVIEW | : | Chief Judge Conner |
| THOROUGHBRED RACING | : | Magistrate Judge Saporito |
| ASSOCIATION, d/b/a | : | |
| HOLLYWOOD CASINO AT | : | |
| PENN NATIONAL RACE | : | |
| COURSE, | : | |
| Defendant. | : | |

# REPORT and RECOMMENDATION

This civil action arises out of an incident which allegedly occurred on February 28, 2011, in which Richard Lechthaler (the "plaintiff") asserts that he is a person with a disability who fell while attempting to sit down in a chair with wheels at the Hollywood Casino at Penn National Race Course located in Grantville, Dauphin County, Pennsylvania. This matter is before the court on the motion for judgment on the pleadings (Doc. 18) filed by the defendant.[1] The parties have filed their respective briefs with respect thereto. Based upon the court's review of the defendant's motion

---

[1] The motion was referred to the undersigned United States Magistrate Judge on August 10, 2015 for a recommended disposition. (Doc. 26).

for judgment on the pleadings, it is recommended that the motion be granted.

I. <u>Facts and Procedural History</u>

The plaintiff's complaint was originally filed in the Court of Common Pleas of Dauphin County, Pennsylvania, on December 16, 2013. The defendant removed the action to the United States District Court for the Eastern District of Pennsylvania on January 13, 2014. (Doc. 1). On February 12, 2014, the United States District Court for the Eastern District of Pennsylvania transferred the case to this court. (Doc. 8). The plaintiff maintains that the defendant violated his constitutional rights under the Pennsylvania and United States Constitutions. In addition, he claims that the defendants violated the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 1281 *et seq.*, and the Pennsylvania Human Relations Act, (the "PHRA"), 43 P.S. §§ 951 *et seq.* Also, the plaintiff has alleged a negligence count against the defendant which is not a subject of the instant motion.

In his complaint, the plaintiff has alleged that he was disabled as defined in the ADA, 42 U.S.C. § 12102, and that on February 28, 2011, he

was a business visitor at the defendant's gambling house open to the public with public accommodations. (Doc. 18-1 ¶¶ 3-5, 10). He further alleged that his disability affected his walking, balance, sitting, standing, and ability to perform activities an individual without a disability could perform. As a result of his disability, he claimed that he has a constitutional right of freedom from discrimination in public accommodations. (Id. ¶¶ 11-13).

The plaintiff averred that, on February 28, 2011, he entered a room in the defendant's casino intending to play poker at a poker table but he was forced to sit at a table with free standing chairs on wheels (Id. ¶¶ 14, 15, 20). As he attempted to sit on a wheeled-chair, the chair suddenly and without warning moved, causing him to fall violently to the floor, resulting in injuries to his previously replaced hip. (Id. ¶¶ 21, 27).

In its answer to the complaint, the defendant denied the plaintiff's allegations and asserted that on the date of the alleged incident, it fully complied with all applicable laws and, further, the plaintiff contributed to his fall through his own negligence. (Docs. 18-1, 18-2). It further alleged as an affirmative defense that the plaintiff failed to state a claim upon which relief can be granted. (Doc. 18-2, at 38).

In its motion for judgment on the pleadings, the defendant asserts that the plaintiff failed to exhaust his administrative remedies with either the Equal Employment Opportunity Commission (the "EEOC") or the Pennsylvania Human Relations Commission (the "PHRC"). (Doc. 18, ¶¶ 15, 33-40). Further, the defendant asserts that the "complaint does not seek injunctive relief against [it] as a result of any purported ADA violations," but rather, "seeks only to recover monetary damages for [his] injuries," whereas the ADA does not provide a private cause of action for monetary damages. (Doc. 18, ¶¶ 16, 17, 26).

In his response to defendant's motion for judgment on the pleadings, the plaintiff has admitted that the compliant does not aver that he filed an administrative complaint with the EEOC or the PHRC. (Doc. 20, ¶15). Our review of the record confirms that no such filings were made.

II. <u>Legal Standards</u>

    (A)   <u>Rule 12(c) Motion for Judgment on the Pleadings</u>

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed but within such time as to not delay the trial. Fed. R. Civ. P. 12(c). Judgment on the pleadings under Rule 12(c) may be granted "only if, viewing all the facts

4

in the light most favorable to the nonmoving party, no material issue of fact remains and the moving party is entitled to judgment as a matter of law." Knepper v. Rite Aid Corp., 675 F.3d 249, 257 (3d Cir. 2012) (citing Rosenau v. Unifund, 539 F.3d 218, 221 (3d Cir. 2008)). "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 134 (3d Cir. 2010) (citing Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)). Thus, in this regard the standard of review is identical to that of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Turbe, 938 F.2d at 428 (citations omitted). The only notable difference is that a court, for a motion on the pleadings, may review not only the complaint but also the answer and written instruments attached to the pleadings. Brautigam v. Fraley, 684 F. Supp. 2d 589, 591-92 (M.D. Pa. 2010).

(B) Rule 12(b)(6) Motion to Dismiss

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to

5

dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).  Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir. 2013) (quoting Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007)).  Further, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993); In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 368 n.9 (3d Cir. 1993).  However, documents attached to a motion to dismiss may only be considered if they are referred to in the plaintiff's complaint and if they are central to the plaintiff's claims. Pryor v. Nat'l Collegiate Athletic Ass'n, 228 F.3d 548, 560 (3d Cir. 2002); Ciolli v. Iravani, 625 F. Supp. 2d 276, 284 (E.D. Pa. 2009).

Under Rule12(b)(6), the defendant has the burden of showing that no claim has been stated. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991); Johnsrud v. Carter, 620 F.2d 29, 32-33 (3d Cir. 1980); Holocheck v. Luzerne County Head Start, Inc., 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellab, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

III. Discussion

(A) The ADA Claim

Title III of the ADA prohibits places of public accommodation from discriminating, on the basis of a disability, against an individual in the full and equal access to goods and services. The law's general prohibition provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). A violation under Title III can be based on the "failure to make reasonable modifications in policies, practices, or procedures, when such procedures are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii) see also Hill v. Park, No. Civ.A. 03-4677, 2004 WL 180044, at *1-*2 (E.D. Pa. Jan. 27, 2004).

A private plaintiff may not obtain monetary damages for violations of 42 U.S.C. § 12182(a). Adelman v. Acme Mkts. Corp., No. 95-4037, 1996 WL 156412 (E.D. Pa. Apr. 3, 1996). Preventive relief, including an injunction or restraining order, is the only remedy. 42 U.S.C. §12188(a)(1) (providing that "the remedies and procedures set forth in [42 U.S.C. §2000a-3(a)] of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter);" see also 42 U.S.C. § 2000a-3(a) (describing preventive relief only); Goodwin v. C.N.J., Inc., 436 F.3d 44, 50 (1st Cir. 2006) (section 12188(a)(1) does not contemplate awarding money damages in suits brought by private parties); Solivan v. Valley Hous. Dev. Corp., No. 08-2722, 2009 WL 3763920 at *8 (E.D. Pa.

Nov. 9, 2009) (money damages are unavailable under the ADA to a disabled tenant who fell at an apartment complex); Devlin v. Hammontree, 561 F. Supp. 2d 118, 119 (D.Me. 2008) (money damages are unavailable to private plaintiffs under the public accommodations section of the ADA).

The plaintiff's request for relief after Count I in the complaint states that the plaintiff is only seeking monetary damages. (Doc. 1, at 18). The plaintiff does not seek injunctive relief anywhere in the complaint. As Title III of the ADA does not authorize a claim by a private individual for money damages, we recommend that the defendant's motion for judgment on the pleadings with respect to the plaintiff's ADA claim be granted.[2]

(B)  The PHRA Claim

The plaintiff has grouped his ADA claim with a PHRA claim in Count I of the complaint. Like the ADA, the PHRA makes it an unlawful discriminatory practice for any person being the owner, lessee, proprietor,

---

[2] In light of our recommendation that the motion be granted because Title III of the ADA does not permit the recovery of money damages and the plaintiff is not seeking injunctive relief, it is not necessary for us to make a recommendation regarding the issue of exhaustion of administrative remedies as it relates to the ADA claim.

manager, superintendent, agent or employee of any public accommodation to operate such place of public accommodation which is not accessible. 43 P.S. § 955(i)(4). The PHRA establishes administrative remedies and procedures that claimants must exhaust prior to bringing a civil action in court. More specifically, the PHRC has exclusive jurisdiction over the claim for a period of one year in order to investigate, and if possible to conciliate the matter. See 43 P.S. § 962. If the PHRC does not resolve the administrative charge during that time, it must notify the claimant that he may bring a court action. See Burgh v. Borough of Montrose, 251 F.3d 465 (3d Cir. 2001).

Unlike the ADA, the PHRA allows a claimant to recover damages for emotional distress. Durko v. OI-NEG TV Prod., 870 F. Supp. 1278 (M.D. Pa. 1994). However, before filing suit under the PHRA, a plaintiff must first exhaust all administrative remedies by filing a charge of discrimination with the PHRC or the EEOC. Hills v. Borough of Colwyn, 978 F. Supp. 2d 469, 478 (E.D. Pa. 2013); Clay v. Advanced Comput. Applications, 559 A.2d 917, 919 (Pa. 1989); Bailey v. Storlazzi, 729 A.2d 1206, 1214 (Pa. Super. Ct. 1999). Here, the complaint and the record are devoid of any facts that allege the plaintiff filed a charge of discrimination

with either the PHRC or the EEOC.[3]

The plaintiff maintains that the failure to exhaust administrative remedies is an affirmative defense and as the defendant failed to specifically assert it in its answer, it is waived. (Doc. 21, at 4-5). In addition, the plaintiff claims that the defendant "ambushed" him "by failing to give him fair notice of its actual defense and the facts upon which is was based." (Id. at 5). Although the defendant did not specifically aver in its answer that the plaintiff failed to exhaust administrative remedies, it did raise the affirmative defense that the plaintiff's complaint failed to state a claim under state or federal law upon which relief can be granted. (Doc. 3-2, at 18). A defendant attempting to dismiss a claim for failure to exhaust administrative remedies should file a motion under Rule 12(b)(6). Richards v. Foulke Associates, Inc., 151 F. Supp. 2d 610, 612 (E.D. Pa. 2001). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint.[4] Sturm v. Clark, 835 F.2d 1009, 1011

---

[3] The plaintiff has admitted that the complaint does not allege that he filed an administrative complaint with the EEOC or the PHRC. (Doc. 20 ¶15).

[4] As discussed above, although the matter before us is a motion

(continued...)

(3d Cir. 1987).

Under the case management order issued by the court, the parties had until June 15, 2015 within which to file dispositive motions. (Doc. 17). The defendant filed the instant motion for judgment on the pleadings on June 3, 2015. It was enough for the defendant to raise the issue by asserting in its answer that the plaintiff failed to state a claim upon which relief can be granted. The defense of failure to exhaust administrative remedies was raised by an appropriate motion within the time limitations set by the court. Under these circumstances we do not find that the defendant waived this defense. See Woodson v. Scott Paper Co., 109 F.3d 913, 924 n.9 (3d Cir. 1997). Accordingly, we are constrained to recommend that the PHRA claim contained in Count I be dismissed for failure to exhaust administrative remedies. See Price v. Philadelphia Elec. Co., 790 F. Supp. 97, 100 (E.D. Pa. 1992) ("In the absence of exhaustion, a cause of action under the PHRA is fatally flawed from the moment it is filed.")

---

[4](...continued)
for judgment on the pleadings, we have analyzed the issues as if it were a motion to dismiss under Rule 12(b)(6).

(C)  Supplemental Jurisdiction

Upon removal from state court, the ADA claim provided this court with original jurisdiction. Our recommendation, if adopted, will dismiss the ADA and PHRA claims. Where a district court has dismissed all claims over which it had original jurisdiction, the court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. §1367(c)(3). Whether the court will exercise supplemental jurisdiction is within its discretion. Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. Cohill, 484 U.S. at 350. However, it appears from a review of the docket, that there has been a substantial commitment of judicial resources to the nonfederal claims. For example, the defendant has filed motions in limine to prevent the plaintiff from introducing plaintiff's unpaid medical bills (Doc. 28), evidence relating to his hip surgery of April 19, 2011 (Doc. 29), and evidence relating to plaintiff's expert witness, Dr. Baker (Doc. 36).

The parties have briefed those issues and are awaiting a decision thereon. We presume that with the trial set for November 2, 2015, counsel and the parties are engaged in extensive trial preparation and have had to secure the attendance of expert and fact witnesses. Also, a final pretrial conference is set for October 15, 2015. Nonetheless, we recommend that in light of the imminent trial of this case, the court exercise its discretion and retain the case in this court.[5]

IV. <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendant's motion for judgment on the pleadings (Doc. 18) be GRANTED. We further recommend that the court retain the case in light

---

[5] The decision to retain the case or remand it to state court is left to the discretion of Chief Judge Conner. As the presiding jurist in this case, he is in a better position to balance the commitment of judicial resources already expended, the further commitment of judicial resources required to bring the matter to a resolution, and the interests of comity.

of the imminent trial set for November 2, 2015 and exercise supplemental jurisdiction over the remaining state law negligence claim.

*s/ Joseph F. Saporito, Jr.*  
**JOSEPH F. SAPORITO, JR.**  
**United States Magistrate Judge**

**Date: October 2, 2015**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD LECHTHALER, | : | CIVIL ACTION NO.: 1:14-cv-00291 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MOUNTAINVIEW | : | Chief Judge Conner |
| THOROUGHBRED RACING | : | Magistrate Judge Saporito |
| ASSOCIATION, d/b/a | : | |
| HOLLYWOOD CASINO AT | : | |
| PENN NATIONAL RACE | : | |
| COURSE, | : | |
| Defendant. | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated October 2, 2015.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. The judge, however need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and

Recommendation may constitute a waiver of any appellate rights.

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: October 2, 2015**