IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD LECHTHALER,** | : | CIVIL ACTION NO. 1:14-CV-291 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MOUNTAINVIEW THOROUGHBRED** | : | |
| **RACING ASSOCIATION**, d/b/a | : | |
| **HOLLYWOOD CASINO AT PENN** | : | |
| **NATIONAL RACE COURSE,** | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 2nd day of November, 2015, upon consideration of the report (Doc. 43) of Magistrate Judge Joseph F. Saporito, Jr., recommending the court grant the motion (Doc. 18) for judgment on the pleadings filed by defendant Mountainview Thoroughbred Racing Association, d/b/a Hollywood Casino at Penn National Race Course ("Mountainview"), and dismiss the disability discrimination claims of plaintiff Richard Lechthaler ("Lechthaler") pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and Pennsylvania Human Relations Act ("PHRA"), 43 PA. STAT. §§ 951-963, wherein Judge Saporito observes that injunctive relief is the only remedy provided by the ADA, and opines that Lechthaler's ADA claim, seeking only monetary damages, must be dismissed, and further observes that Lechthaler concedes his failure to exhaust administrative remedies by filing a charge of discrimination with either the Pennsylvania Human Relations Commission or the Equal Employment Opportunity Commission, (see Doc. 43 at 7-12), and, following an independent review of the record, the court

being in agreement with Judge Saporito that Lechthaler's ADA and PHRA claims must be dismissed, and the court declining to exercise supplemental jurisdiction over Lechthaler's remaining state law negligence claim, see 28 U.S.C. § 1367(c)(3); see also Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2005), and specifically noting that trial dates and preparation in this matter are suspended pending resolution of the instant motion, and that no judicial resources have yet been expended with regard to the parties' pending pretrial motions, and thus concluding that considerations of "judicial economy, convenience, and fairness to the litigants" favor resolution of the remaining state law claim in state court, see Kach, 589 F.3d at 650 (quoting New Rock Asset Partners v. Preferred Equity Advancements, Inc., 101 F.3d 1492, 1507 n.11 (3d Cir. 1996)),[1] and it appearing that Lechthaler does not object to the report,

---

[1] The court acknowledges Judge Saporito's recommendation that the court retain supplemental jurisdiction over Lechthaler's remaining state law claim. That recommendation was based in large part on then-impending pretrial deadlines and a trial date which have since been suspended.

and that there is no clear error on the face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007), it is hereby ORDERED that:

1. The report (Doc. 43) of Magistrate Judge Saporito is ADOPTED.

2. Mountainview's motion (Doc. 18) for judgment on the pleadings is GRANTED with respect to Lechthaler's ADA and PHRA claims.

3. Count I of plaintiff's complaint (Doc. 1, Ex. A) is DISMISSED.

4. This matter shall be REMANDED to the Court of Common Pleas of Dauphin County, Pennsylvania.

5. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
    Christopher C. Conner, Chief Judge
    United States District Court
    Middle District of Pennsylvania

---

[2] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the Magistrate Judge's report in accordance with this Third Circuit directive.